**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAMIE FREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-01673-RCJ-RJJ |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | **ORDER** |
| SYSTEMS, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jamie Frey gave lender American Brokers Conduit a promissory note for $260,000 to purchase real property at 3132 Clamdigger Ln., Las Vegas, NV 89117 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, Sept. 13, 2005, ECF No. 1-1, at 14). First American Title Co. of Nevada ("First American") was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.* 2). MERS substituted Cal-Western Reconveyance Co. ("Cal-Western") as trustee. (*See* Substitution, Sept. 28, 2010, ECF No. 1-1, at 41). First American then filed the notice of default ("NOD") as Cal-Western's agent based on a default of unspecified amount as of May 1, 2010. (*See* NOD 1–2, Sept. 29, 2010, ECF No. 1-1, at 38). MERS then transferred the beneficial interest in the note and DOT to Aurora Loan Services LLC ("Aurora"). (*See* Assignment, Oct. 4, 2010, ECF No. 1-1, at 43). In January 2011, Cal-Western noticed a trustee's sale for September 21, 2011. (*See* Notice of Trustee's Sale 1–2, Jan. 7, 2011, ECF No. 1-1, at 46).

Plaintiff filed the Complaint in state court on September 16, 2011 to stop the foreclosure,

1  suing MERS, Aurora, and Cal-Western on five causes of action: (1) fraud; (2) wrongful
2  foreclosure; (3) unjust enrichment; (4) violations of Nevada Revised Statutes section 107.080;
3  and (5) slander of title.  Defendants removed.  The state court had scheduled a preliminary
4  injunction hearing, but it is not clear if the state court had issued any temporary restraining order
5  ("TRO"), because Defendants attach only Plaintiff's proposed TRO to the notice of removal.  It
6  appears that motion is still pending, but Plaintiff has also filed a new motion.  Because the
7  foreclosure appears to have been statutorily proper and Plaintiff does not appear to deny default,
8  Plaintiff has failed to show a likelihood of success on the merits, and the Court denies the motion
9  for a TRO.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge