UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMIE FREY, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:11-cv-01673-RCJ-RJJ |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Plaintiff Jamie Frey gave lender American Brokers Conduit a promissory note for $260,000 to purchase real property at 3132 Clamdigger Ln., Las Vegas, NV 89117 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, Sept. 13, 2005, ECF No. 1-1, at 14). First American Title Co. of Nevada ("First American") was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.* 2). MERS substituted Cal-Western Reconveyance Co. ("Cal-Western") as trustee. (*See* Substitution, Sept. 28, 2010, ECF No. 1-1, at 41). First American then filed the notice of default ("NOD") as Cal-Western's agent based on a default of unspecified amount as of May 1, 2010. (*See* NOD 1–2, Sept. 29, 2010, ECF No. 1-1, at 38). MERS then transferred the beneficial interest in the note and DOT to Aurora Loan Services LLC ("Aurora"). (*See* Assignment, Oct. 4, 2010, ECF No. 1-1, at 43). In January 2011, Cal-Western noticed a trustee's sale for September 21, 2011. (*See* Notice of Trustee's Sale 1–2, Jan. 7, 2011, ECF No. 1-1, at 46).

Plaintiff filed the Complaint in state court on September 16, 2011 to stop the foreclosure,

suing MERS, Aurora, and Cal-Western on five causes of action: (1) fraud; (2) wrongful foreclosure; (3) unjust enrichment; (4) violations of Nevada Revised Statutes section 107.080; and (5) slander of title. Defendants removed. The state court had scheduled a preliminary injunction hearing, but it is not clear if the state court had issued any temporary restraining order ("TRO"), because Defendants attached only Plaintiff's proposed TRO to the notice of removal. Plaintiff filed a new motion for a TRO in this Court, in any case, which the Court denied because the foreclosure appeared to have been statutorily proper and Plaintiff did not appear to deny default. Plaintiff has now filed a motion for a preliminary injunction but has not adduced any additional evidence indicating any statutory defect in foreclosure. Plaintiff argues that Defendants failed to include certain information in the notice of default, but the Court finds that Plaintiff is not likely to succeed on the merits, as it appears Defendants substantially complied with the statutes.

## CONCLUSION

IT IS HEREBY ORDERED that the Emergency Motion for Preliminary Injunction (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated this 7th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge