**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAMIE FREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-01673-RCJ-RJJ |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Plaintiff has filed motions for summary judgment and to amend the Complaint. Defendant Cal-Western Reconveyance Corp. has moved to dismiss, and the other two Defendants have joined that motion. For the reasons given herein, the Court grants the motion to amend and denies the motions to dismiss and for summary judgment.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Jamie Frey gave nonparty lender American Brokers Conduit ("ABC") a promissory note for $260,000 to purchase real property at 3132 Clamdigger Ln., Las Vegas, NV 89117 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, Sept. 13, 2005, ECF No. 1-1, at 14). First American Title Co. of Nevada ("First American") was the trustee, and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.* 2). MERS substituted Defendant Cal-Western Reconveyance Co. ("Cal-Western") as trustee.

(*See* Substitution, Sept. 28, 2010, ECF No. 1-1, at 41). First American then filed the notice of default ("NOD") as Cal-Western's agent based on a default of unspecified amount as of May 1, 2010. (*See* NOD 1–2, Sept. 29, 2010, ECF No. 1-1, at 38). MERS then transferred the beneficial interest in the note and DOT to Defendant Aurora Loan Services LLC ("Aurora"). (*See* Assignment, Oct. 4, 2010, ECF No. 1-1, at 43). In January 2011, Cal-Western noticed a trustee's sale for September 21, 2011. (*See* Notice of Trustee's Sale 1–2, Jan. 7, 2011, ECF No. 1-1, at 46).

Plaintiff filed the Complaint in state court on September 16, 2011 to stop the foreclosure, suing MERS, Aurora, and Cal-Western on five causes of action: (1) fraud; (2) wrongful foreclosure; (3) unjust enrichment; (4) violations of Nevada Revised Statutes section 107.080; and (5) slander of title. Defendants removed. The state court had scheduled a preliminary injunction hearing, but it is not clear if the state court had issued any temporary restraining order ("TRO"), because Defendants attached only Plaintiff's proposed TRO to the notice of removal. Plaintiff filed a new motion for a TRO in this Court, in any case, which the Court denied because the foreclosure appeared to have been statutorily proper and Plaintiff did not appear to deny default. Plaintiff filed a motion for a preliminary injunction, which the Court also denied. Plaintiff has appealed the order denying the preliminary injunction. Plaintiff has now moved for partial summary judgment and to amend the Complaint. Defendants have moved to dismiss.

## II.   LEGAL STANDARDS

### A.   Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See*

*id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

      If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that

1 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

2     At the summary judgment stage, a court's function is not to weigh the evidence and
3 determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
4 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are
5 to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely
6 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

7     **B.**    **Dismissal for Failure to State a Claim**

8     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
9 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
10 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
11 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
12 that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
13 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
14 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for
15 failure to state a claim, dismissal is appropriate only when the complaint does not give the
16 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
17 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is
18 sufficient to state a claim, the court will take all material allegations as true and construe them in
19 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
20 Cir. 1986). The court, however, is not required to accept as true allegations that are merely
21 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
22 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action
23 with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation
24 is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)
25 (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**C.     Amendment**

> A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)–(2).

**III.    ANALYSIS**

Plaintiff asks to amend the Complaint. The proposed amended complaint lists two causes of action: (1) Deceptive Trade practices under Nevada Revised Statutes ("NRS") Chapter 598; and (2) Violations of NRS Chapter 107. No Defendant has yet answered the Complaint, Plaintiff has not yet amended it, and Plaintiff filed the motion to amend only twelve days after Cal-Western filed its motion to dismiss, which is the first motion to dismiss that any Defendant has

filed in this case. Plaintiff therefore has the right to amend the Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff need not have requested permission to amend, but the Court will grant the motion.

Next, the motion to dismiss is moot in part, i.e., insofar as it attacks claims that Plaintiff has abandoned via the Amended Complaint ("AC"). The motion can be considered, however, as against the claim for violations of Chapter 107, i.e., statutorily improper foreclosure, and the Court will deny the motion in this regard. Although the foreclosure appears to have been otherwise statutorily proper, First American filed the NOD as Cal-Western's agent after Cal-Western had been substituted as the trustee. Although this may have been proper, the Court usually does not at the dismissal stage accept such an agent's own claim of agency as true. Defendants adduce no further evidence of First American's agency for Cal-Western apart from First American's own claim on the NOD. (*See generally* RJN, Jan. 11, 2012, ECF No. 27). The motion to dismiss does not, of course, attack the Chapter 598 claim added by amendment after the motion to dismiss was filed.

Finally, Plaintiff moves for partial summary judgment. She asks the Court to rule that MERS' authority to assign the note and DOT or to substitute trustees under the DOT on behalf of lender ABC was extinguished when ABC filed for Chapter 11 bankruptcy protection in 2007. Plaintiff argues that the note and DOT became an asset of the bankruptcy estate that MERS could not independently assign. MERS purported to substitute Cal-Western as trustee on September 28, 2010 and purported to transfer the note and DOT to Aurora on October 4, 2010. Plaintiff provides evidence that an entity called American Home Mortgage Holdings, Inc. filed for Chapter 11 bankruptcy protection on August 6, 2007. (*See* Docket, ECF No. 24, at 38). The evidence is insufficient to establish Plaintiff's premise for several reasons. First, ABC is simply not listed as a debtor in the single page of the docket Plaintiff provides. Nor is it listed among the affiliated debtors on the relevant schedule of the bankruptcy petition adduced. (*See* Bankr.

1 Pet. sched. 1, ECF No. 24, at 43).  Second, Plaintiff does not provide the entire docket, or even
2 the case number so that the Court may search the docket itself.  Third, Plaintiff does not allege
3 when ABC emerged from bankruptcy.

4 Plaintiff also asks the Court to rule that because Defendants have argued that they need
5 not necessarily produce the original promissory note to defend against a wrongful foreclosure
6 claim—they are correct—that they are now judicially estopped from producing it at all.  Judicial
7 estoppel applies where a party takes two totally inconsistent positions in judicial proceedings.
8 *See Marcuse v. Del Webb Comtys.*, 163 P.3d 462, 465–69 (Nev. 2007).  Assuming without
9 deciding that this doctrine applies in the present diversity case just as it does in Nevada's courts,
10 Plaintiff's argument still fails.  Plaintiff's argument is of the form: "because my adversary has
11 denied that a particular piece of evidence is necessary to his defense, he should be precluded
12 from presenting it in support of his defense."  This is a non sequitur.  If this reasoning were
13 adopted, it would expand the doctrine of judicial estoppel to make inadmissible any evidence
14 that a litigant had previously argued was *unnecessary* to prove his case.  But the production of a
15 particular piece of evidence is not inconsistent with a claim that the particular piece of evidence
16 is unnecessary to prove the case.  In the present context, even assuming that Defendants now
17 wish to adduce the promissory note, judicial estoppel would only potentially apply if Defendants
18 had previously in this case successfully argued that the promissory note was inadmissible.
19 Defendants have never held this position.  The Court denies the motion for summary judgment.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Amend (ECF Nos. 31, 41) are GRANTED. Plaintiff shall file the Amended Complaint, as attached to those motions within fourteen (14) days of the entry of this order into the electronic docket.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 26) and the Motion for Summary Judgment (ECF No. 23) are DENIED.

IT IS SO ORDERED.

Dated this 13th day of March, 2012.

_____
ROBERT C. JONES
United States District Judge