# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMIE FREY, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:11-cv-01673-RCJ-RJJ |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This is a standard foreclosure case involving one property. Plaintiff has filed a First Amended Complaint ("FAC") and a motion to extend discovery, and Defendant has filed a motion to strike the FAC. For the reasons given herein, the Court denies the motion to strike and grants the motion to extend time for discovery in part.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Jamie Frey gave nonparty lender American Brokers Conduit ("ABC") a promissory note for $260,000 to purchase real property at 3132 Clamdigger Ln., Las Vegas, NV 89117 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, Sept. 13, 2005, ECF No. 1-1, at 14). First American Title Co. of Nevada ("First American") was the trustee, and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.* 2). MERS substituted Defendant Cal-Western Reconveyance Co. ("Cal-Western") as trustee.

1  (*See* Substitution, Sept. 28, 2010, ECF No. 1-1, at 41).  First American then filed the notice of

2  default ("NOD") as Cal-Western's agent based on a default of unspecified amount as of May 1,

3  2010. (*See* NOD 1–2, Sept. 29, 2010, ECF No. 1-1, at 38).  MERS then transferred the beneficial

4  interest in the note and DOT to Defendant Aurora Loan Services LLC ("Aurora").

5  (*See* Assignment, Oct. 4, 2010, ECF No. 1-1, at 43).  In January 2011, Cal-Western noticed a

6  trustee's sale for September 21, 2011. (*See* Notice of Trustee's Sale 1–2, Jan. 7, 2011, ECF No.

7  1-1, at 46).

8       Plaintiff filed the Complaint in state court on September 16, 2011 to stop the foreclosure,

9  suing MERS, Aurora, and Cal-Western on five causes of action: (1) fraud; (2) wrongful

10  foreclosure; (3) unjust enrichment; (4) violations of Nevada Revised Statutes section 107.080;

11  and (5) slander of title.  Defendants removed.  Plaintiff filed a motion for a temporary restraining

12  order, which the Court denied because the foreclosure appeared to have been statutorily proper

13  and Plaintiff did not appear to deny default.  Plaintiff filed a motion for a preliminary injunction,

14  which the Court also denied.  Plaintiff has appealed the order denying the preliminary injunction.

15  Plaintiff also moved for partial summary judgment and to amend the Complaint, and Defendants

16  moved to dismiss.  The Court denied both motions and granted Plaintiff leave to file the

17  proposed amended complaint, which included two claims: (1) Deceptive Trade Practices under

18  Chapter 598; and (2) Statutorily Defective Foreclosure under Chapter 107.  Plaintiff then filed

19  the Amended Complaint ("AC") but mistakenly entered it into the electronic docket as a motion

20  to amend.  Plaintiff later filed the AC properly and withdrew the mistakenly filed "motion."

21  Defendant has moved to strike the AC pursuant to Rule 12(f), and Plaintiff has moved to extend

22  discovery.

23  **II.    LEGAL STANDARDS**

24      **A.    Rule 41(b)**

25      "The court may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Defendant likely means to invoke Rule 41(b). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  A district court has discretion under Rule 41(b) to involuntarily dismiss a case for failure to comply with a time limit to file an amended complaint when that time limit appears in an order, even a minute order. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986–88 (9th Cir. 1999).

### B. Rule 16(b)(4)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

### III. ANALYSIS

The Court's March 14, 2012 order gave Plaintiff fourteen days from the entry of the order into the electronic docket to file the AC.  Plaintiff filed the AC on April 9, 2012. However, as the Court noted in its order, because Plaintiff had not yet amended the Complaint, because Defendant had not answered, and because Plaintiff filed the first motion to amend only twelve days after Defendant moved to dismiss, Plaintiff did not need the Court's permission to amend.  Also, upon closer examination of the docket, Plaintiff had attached the proposed AC to the first motion to amend.  Because Plaintiff lodged the proposed AC at a time when permission to amend was not required, the Court probably does not have discretion to strike the AC simply because Plaintiff formally filed it after the fourteen-day deadline the Court gave in an order addressing, *inter alia*, the unnecessary motions to amend.  In any case, the Court will exercise its discretion not to strike the AC.  Plaintiff was diligent in lodging the AC at a time when Plaintiff did not even need permission to file it.

1     Next, Plaintiff asks the Court to extend the discovery deadlines.  The current discovery

2 order issued by Magistrate Judge Johnston provides for an April 30, 2012 discovery cut-off.

3 Plaintiff requests an extension to October 8, 2012.  As Defendant notes, on January 26, 2012, the

4 magistrate judge ordered discovery due by April 30, 2012, and Plaintiff had not propounded any

5 discovery requests as of April 9, 2012 by Plaintiff's own admission.  Defendant argues that

6 Plaintiff therefore does not meet the diligence requirement.  Plaintiff argues, however, that in

7 order to save unnecessary expense, the parties had agreed to postpone discovery until after the

8 Court ruled on the motion to dismiss, which the Court denied on March 14, 2012, leaving only

9 six weeks for discovery under the April 30, 2012 deadline.

## CONCLUSION

11     IT IS HEREBY ORDERED that the Motion to Strike the Amended Complaint (ECF No.

12 56) is DENIED.

13     IT IS FURTHER ORDERED that Motion to Extend Time for Discovery (ECF No. 52) is

14 GRANTED in part.  Discovery is extended to October 1, 2012.  Plaintiff shall submit a proposed

15 amended scheduling order.

16     IT IS SO ORDERED.

17 Dated this 23rd day of July, 2012.

_____
ROBERT C. JONES
United States District Judge